RECEIVED
BY MAIL

DEC 22 2025

CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

25-cv-4748 KMM/EMB

1 of 9

In United States District Court (8th Circuit)
State of Minnesota
County of Itasca                                    9th District

John Paul Raymond Bye - Plaintiff

V.

Itasca County Jail-Administration; mental Health;
medical staff; Mental & Medical staff employer.
- Defendants

Civil Action No. ——

# COMPLAINT:

I. Jurisdiction & Venue —

   Under "28 U.S.C. § 1331"; under "42 U.S.C. § 1983"
in the United States of America 8th Circuit, Minnesota
9th District.

II. Plaintiff(s) —

(1). Plaintiff John Paul Raymond Bye is, and at
all times mentioned was, incarcerated at Itasca County
Jail.

III. Defendants —

SCANNED

DEC 22 2025

U.S. DISTRICT COURT ST. PAUL

(2). Shawn Racine, Captain
(3). Garret Smith, Lieutenant
(4). Private Employer of Itasca County Jail medical staff
(5). Itasca County Jail Nurse Practioner
(6). Itasca County Jail Nurse Paula
(7). Itasca County Jail Mental Health Specialist Ashley.

IV. Facts -

(8). Plaintiff John Bye was arrested and transferred
to Itasca County Jail on the 14th day of August,

2025.

(9). During subsequent "booking process" Plaintiff Bye was screened for medical and mental health needs. Through said process the Jail was informed that Plaintiff Bye suffered from Persistent Depression, General Anxiety, and Post Traumatic Stress Disorder and was treated at Miller Dwan in Duluth in 2017 for the first of several suicide attempts.

(10). Approximately one week later Plaintiff Bye made verbal complaints to Mental Health specialist Ashley and medical staff concerning sufferage from high anxiety, intense depression, and a lack of sleep.

(11). Said complaint resulted in a refferal from medical staff to Mental Health staff who then recommend coping skills, reading, and exercise all of which Plaintiff Bye followed.

(12). Due to persistence of symptoms Plaintiff Bye made written requests - through the Kiosk - to medical staff asking for further treatment.

(13). Medical staff first required Plaintiff Bye to complete a Sleep tracking Log before any treatment would be provided - Response via Kiosk on 09-09-2025.

(13). Plaintiff Bye completed said log, which showed an approximate total of 3-5 hours of sleep per night. Which Plaintiff Bye asserted his belief to be caused by un-treated anxiety.

(14). The Nurse Practioner prescribed an anti-depressant to Plaintiff Bye with out anyone discussing what it was used for or what potential side-effects might be experienced - and which would have been refused by Plaintiff Bye if he had known. Medication called Prozac.

(15). No treatment was provided to Plaintiff Bye for aforementioned high anxiety and lack of sleep as of 09-26-2025.

(16). Plaintiff Bye informed both the mental Health and medical Staff that the depression medication, Prozac, was ineffective and requested a change in

treatment be made.

(17). Medical and Mental Health then advised Plaintiff Bye that no medication would be provided for his anxiety and lack of sleep, and that he should "learn coping-skills".

(18). Note that by this time Plaintiff Bye was already exercising, reading self-help material, and studying the Bible daily making such a recommendation mostly moot.

(19). After meeting Mental Health multiple times and requesting depression medication changes, Plaintiff Bye asked medical staff - via the kiosk- to consider returning to a previously successful medication that was provided during a recent incarceration at MCF-Fairbault.

(20). Medical staff informed Plaintiff Bye that no medication changes would be made without a Mental Health referral was made-which as noted above had already been done.

(21). Plaintiff Bye informed medical staff via kiosk that such a refferal has been made on 10-01-2025.

(22). Plaintiff Bye is prescribed mirtazapine at half of a dose to address anxiety and sleep loss without any discussion about the medication prior to it being administered on 10-02-2025

(23). Plaintiff Bye is prescribed Sertraline in replacement of Prozac for his deppression-medication change made without discussing the pill's use and potential side-effects.

(24). Plaintiff Bye request medical increase anxiety medication due to ineffectiveness.

(25). Plaintiff Bye made a verbal complaint to mental health concerning anxiety med.

(26). Medical Staff informed Plaintiff Bye that the Nurse Practianer will review it.

(27). Medical staff Nurse Paula came to Plaintiff Bye's Living unit and advises him that no changes to meds will be made and that he should consider purchasing melatonin from canteen.

(28). Plaintiff Bye complains about lack of medication

(changes) and being referred to canteen via the kiosk.

29). Medical staff re-iterates that no changes will be made and that Plaintiff Bye should be purchasing melatonin.

30). Nurse Paula returns to unit and when Plaintiff Bye asks if they had recieved his message via kiosh she responds by asking "are we playing a game" multiple times, each time raising her voice subsequently embarrassing Plaintiff Bye into dropping the subject and walking away on 10-18-2025.

31). Plaintiff Bye addresses the anxiety medication issue to Mental Health via kiosh.

32). Plaintiff Bye wrote a grievance on the medical staff concerning conduct and lack of treatment on 10-23-25

33). Jail Administration responds to grievance informing Plaintiff Bye that this was a medical issue and that if he had a "Legitimate" concern it could be addressed with a grievance.

34). Plaintiff Bye contacted Mental Health via kiosh concerning that he was experiencing suicidal ideations on 10-24-25.

35). Mental Health visited Plaintiff Bye and asked if he could wait until they returned later in the week and Plaintiff Bye agreed on 10-25-2025.

36). Mental Health returned to the unit for the weekly visit and totally ignored and dismissed Plaintiff Bye without speaking one word to him. 10-27-2025.

37). Plaintiff Bye wrote a grievance concerning the previous grievance - which included a request of information on how to continue grievance process and was dismissed due to a lack of legitimacy.

38). Second grievance is likewise dismissed 10-27-2025.

39). Plaintiff Bye is met with Nurse Practioner about the original grievance.

40). Plaintiff Bye is informed that records from MCF-Fairbault would be needed before he could be given previous medication.

(41). Plaintiff Bye complains to Nurse practioner that he believes that the depression medication she prescribed was making his depression worse.

(42). Despite complaint, Nurse Practioner convinces Plaintiff Bye to continue the medication by informing him that he hasn't "been on it long enough" to experience the positive effects.

(43). While ignoring the portion of the grievance that concerns nurse conduct, the Nurse Practioner finally agrees to increase anxiety medication to a full dose on 11-09-2025.

(44). Medical staff informs Plaintiff Bye that no medical records existed from MCF-Fairbault despite him being incarcerated there less than a year ago.

(45). Plaintiff Bye requests the medical staff to contact Lakeview Behavioral in search of records due to that being where he recieved care prior to being arrested 11-11-2025.

(46). Plaintiff Bye's request is ignored and he is informed that the Nurse Practitioner would be making no changes.

(47). Plaintiff Bye request from Jail administration a copy of all communications between himself and the mental Health/medical staff via the kiosh.

(48). Jail administration informs Plaintiff Bye that he must wait until he is released or have his attorney request the information - despite Plaintiff Bye informing them that the matter is pro se.

(49). Plaintiff Bye attempts to "grieve" nurse conduct straight to medical.

(50). Medical tells Plaintiff Bye that it would be referred to "Sargeant" since it is a "grievance" issue not medical.

(51). Plaintiff Bye requests the names of all included defendants.

(52). Jail Administration denies this request of information and again refers Plaintiff Bye to his "attorney".

(53). Plaintiff Bye reached out to mental Health concerning being ignored on previous visit and the persistent and worsening symptoms he is experiencing, on 11-11-2025

(54). Mental Health visited Plaintiff Bye in unit, Plaintiff Bye informed mental Health that serious plans for suicide were contemplated two days prior to visit.

(55). Mental Health advises Plaintiff Bye to explore self-help material and informs him that there is nothing she can do. 11-14-2025

(56). Plaintiff Bye attends his D.O.C. H.R.U. hearing and is told he will be allowed to attend Teen Challenge. 11-25-2025

(57). After said hearing, Mental Health visits the unit the same day and notices that Plaintiff Bye is in a good mood due to good news.

(58). Plaintiff Bye later that night writes to mental health begging to be seen and his condition be given serious consideration and treatment.

(59). NO changes have been made to date - 12-09-2025.

## V. Legal Claims —

It is the un-professional opinion of the Plaintiff that:

(60). Defendant "Private Employer of Itasca County Jail medical staff" has not properly trained their staff on appropriate conduct towards pre-trial detainees; which led to Defendant "Itasca County Jail nurse Paola"'s misconduct towards a pre-trial detainee - Plaintiff Bye - whom pursuant to "Campbell v. Mcgruder 580 F.2d 521" is presumed innocent and shall not be punished.

(61). Defendant "Nurse Practioner" on multiple occassions refused to complete Plaintiff Bye's right to informed consent pursuant to "Pabon v. Wright 459 F.3d 241" be treating his right to be informed with deliberate indifference.

(62). Defendant "Nurse Practioner" treated Plaintiff Bye's mental health needs with deliberate indifference when he requested a medication change due to a worsening of

Symptoms with current treatments, and because of rudness on Plaintiff Bye's part in electronic correspondence continued to administer inadequate treatments in retaliation to Plaintiff Byes complaint and grievances as a form of punishment, which is un-constitutional pursuant to "Bell v. Wolfish 441 U.S. 520, 99 S.Ct 1861, 60 L.Ed. 2d 447 (1979)" (63). Defendant "Itasca County Jail mental Health specialist Ashley" ignored and/or treated with deliberate indifference Plaintiff Bye's multiple outreachs concerning suicidal ideations and plans which infringed upon his Right to protection from self-harm pursuant to "Hare v. City of Corinth 74 F.3d 633". (64). Defendant "Shawn Racine, Captain" and Defendant "Garret Smith, Lieutenant" denied Plaintiff Bye access to evidentiary material that would shed light on the more intimate proceedings of this case; and also denied Plaintiff Bye the names of all other defendants which infringes upon Plaintiff Bye's right to be informed under the Due process Clause of the 14th amendment.

This matter is ongoing, and thus amended complaints are expected and the Plaintiff asks that the Court/Judge allow this.

VI. Prayer for Relief ~

(65). Plaintiff prays that this Court grants a declaration of violated rights and enters Judgement.
(66). Grants a preliminary and permanent injunction ordering:
(a). Defendant "Private Employer of Itasca County Jail Medical Staff" properly train and reprimand their Staff.
(b). Defendant "Itasca County Jail Nurse Paula" cease verbal abuse towards inmates.
(C). Defendant Itasca County Nurse Practioner" begin to fulfill inmate's right to informed Consent by discussing necessary information with said inmates.
(D). Defendant "Itasca County mental Health specialist Ashley" and Defendant "Itasca County Jail nurse Practitioner" begin to

take mental health needs - and suicide outreach- Seriously and thus administer adequate care to those in need without causing and continuing undue harm and suffering.

(e). Defendants "Shawn Racine, Captain" and "Garret Smith, Lieutenant" to provide: a more exhaustive "grievance" process that includes steps to take and a chain of command; a means to access information needed to pursue cases such as this - like names- and records of communication to inmates who don't have a lawyer and will not be being released.

(67). Plaintiff seeks punitive damages (due to the misconduct of Jail staff and mistreatment of constitutional rights by medical proffessionals) in the amount of $7,000.00 against each defendant, seperately and severally.

(68). Plaintiff seeks compensatory damages (due to the Plaintiff being subjected to un-warranted and excessive suffering from untreated and/or wrongfully treated mental health disorder(s) in the amount of $50,000.00 against Defendants: "Itasca County Jail Mental Health Specialist Ashley"; "Itasca County Jail Nurse Paula"; "Itasca County Jail Nurse Practioner"; "Private Employer of Itasca County Jail Medical staff", Jointly and Severally.

(69). Plaintiff seeks recovery of the cost of all

unwanted prescribed medications.

(70). Plaintiff seeks recovery of any and all cost in this suit, and any additional relief that this court deems just, proper, and equitable.

(71). Plaintiff seeks jury trial on all issues triable by jury.

Dated: December 10, 2025

Respectfully,
John Paul Raymond Bye

## VII. Verification –

I have read the foregoing complaint and hereby merit that the matters therein are true, except for the alleged of which I believe to be true.

I certify, under penalty of perjury, that the foregoing is true and correct

Executed at the Itasca County Jail, in Grand Rapids Minnesota.

/s/ [signature]
John Paul Raymond Bye