## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

John Paul Raymond Bye,

        Plaintiff,

v.

Itasca County Jail Administration;
Mental Health Medical Staff;
Mental & Medical Staff Employer;
Shawn Racine; Garret Smith,
*Lieutenant*; Private Employer of
Itasca County Jail Medical Staff;
Itasca County Jail Nurse
Practitioner; Paula Unknown, *Itasca
County Jail Nurse*; and Ashley
Unknown, *Itasca County Jail
Mental Health Specialist*,

        Defendants.

Case No. 25-CV-4748-KMM-EMB

**ORDER**

John Paul Raymond Bye, *pro se.*

Plaintiff John Paul Raymond Bye, who was a prisoner when he filed this action, has applied for *in forma pauperis* ("IFP") status. (*See* Dkt. Nos. 2, 6.) That request therefore falls under 28 U.S.C. § 1915(b), which requires an initial partial filing fee from prisoners seeking IFP status in civil actions. *See, e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). This fee is 20 percent of the greater of (1) the average monthly deposits to the plaintiff's

facility trust account in the six months immediately before the complaint's filing, or (2) the average balance in the plaintiff's account during the same period. *See* 28 U.S.C. § 1915(b)(1).

When Mr. Bye filed this action, he was incarcerated at the Itasca County Jail. (*See* Dkt. No 1 at 1.) He is no longer there. The most recent information before the Court indicates that he is now "under supervision" with the "MnDOC Grand Rapids District." *See Offender Details: John Paul Raymond Bye*, Minn. Dep't of Corrs., https://coms.doc.state.mn.us/ PublicViewer/OffenderDetails/Index/263653/Fugitive (last visited June 18, 2026). Mr. Bye therefore likely cannot collect financial information from the Itasca County Jail.

The only information that the Court has about Mr. Bye's finances while at Itasca County Jail before filing the Complaint is his statement, in an earlier filing, that in the five months before this action's filing he "had approximately $10 total." (Dkt. No. 6 at 4.) Given that statement, the Court concludes that an appropriate initial partial filing fee is 20 percent of $10.00, or $2.00.

This action will not proceed until Mr. Bye pays this initial $2.00 fee. If he does not pay the $2.00 fee within 21 days of this Order's date, the Court will treat the action as abandoned and recommend dismissal without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Court offers Mr. Bye the following warnings:

- **If Mr. Bye proceeds by paying the $2.00 initial partial filing fee, he must also pay the remaining $348.00 of this action's $350.00 statutory filing fee in installments if he returns to incarceration**. Officials at Mr. Bye's future facility (if any) will be notified of this requirement and authorized to withdraw funds from his trust account to remit to the Court under § 1915(b), regardless of the action's outcome.

- Upon payment of the initial partial filing fee, the Court will review Mr. Bye's amended complaint (Dkt. No. 10 ("Complaint")) to determine whether he has pleaded a viable claim for relief within the Court's jurisdiction. **If the Court finds that the Complaint is frivolous or malicious, or fails to state a claim for which relief can be granted, Mr. Bye will incur a "strike" under 28 U.S.C. § 1915(g).** Accumulating three or more "strikes" will significantly restrict Mr. Bye's ability to proceed IFP in federal court.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff John Paul Raymond Bye must pay an initial partial filing fee of at least $2.00 within 21 days of this Order's date.

2. Should Mr. Bye fail to pay the initial partial filing fee, the Court will recommend dismissing this action without prejudice for failure to prosecute.

Dated: June 30, 2026

*/s/ Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

3